# EXHIBIT 1

Kai N. Puhrmann
Matthew B. Lowy
Lowy Law, P.L.L.C.
103 S. 5th St. E
Missoula, MT 59801
(406) 926-6500
documents@LowyLawFirm.com

*Attorneys for Plaintiff*

MONTANA FOURTH JUDICIAL DISTRICT COURT,
MISSOULA COUNTY

| | |
|---|---|
| HAMIDOU SANKARA, | Cause No. |
| Plaintiff, | Judge |
| v. | Department No. |
| MERRICK BANK CORPORATION, EQUIFAX, INCORPORATED, and FRANCK KAMBOU, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Hamidou Sankara by and though co-counsel of record, Kai N. Puhrmann of Lowy Law, PLLC, and pursuant to the Montana Consumer Protection Act, Fair Debt Collections Practices Act, Fair Credit Report Act, and Montana case law and Montana Statute, files this Complaint against Defendants for the relief permitted by law, and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff is Hamidou Sankara, an individual.  Plaintiff is, and at all times relevant hereto, was a resident of Missoula in Missoula County, Montana.

2.   Defendant Franck Kambou is, and at all times relevant hereto, was a resident of Missoula in Missoula County, Montana.

3.     Defendant Merrick Bank Corporation (hereinafter "Defendant Merrick Bank") is a foreign profit corporation with the stated purpose of banking. Although they are listed as an active domestic profit corporation in South Jordan, Utah, Defendant Merrick Bank's business entity status is still listed on the Montana Secretary of State's website with their registered agent as C T Corporation System, 3011 American Way, Missoula, Montana 59808. Their status is shown as as "inactive revoked" as of 2007.

4.     Defendant Merrick Bank's website states in response to the question "Where can I use my Merrick Bank Visa credit card" that customers can "[e]njoy the convenience of using Merrick Bank Platinum Visa or Merrick Bank Secured Visa anywhere Visa credit cards are accepted" (https:// merrickbank.com/Resources/Account-FAQs#cc-faq, accessed April 20, 2021). therefore, Defendant Merrick Bank could be reasonably expected to do business in Missoula County, Montana.

5.     Equifax Incorporated (hereinafter "Defendant Equifax") is listed as a foreign profit corporation in good standing by the Montana Secretary of State.

6.     The events that form the basis of this complaint occurred in Missoula County at the times in question.

7.     This Court has jurisdiction over the parties and the matters alleged herein, and the Fourth Judicial District Court in Missoula County is the proper place of venue to proceed.

## GENERAL ALLEGATIONS

8.     Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

9.     April 2016 Defendant Kambou helped Mr. Sankara open a checking account at Missoula Federal Credit Union (now Clearwater Credit Union).

Mr. Sankara was newly emigrated to the United States and did not speak English, thus he was dependent upon Defendant Kambou to help him open the account. At that time, Mr. Sankara gave defendant Kambou all of his sensitive personal information including his address, birthdate, and Social Security Number.

10. June 2019 Mr. Sankara started receiving phone calls from American Express to discuss a past due account. Since Mr. Sankara never opened an account with American Express, he disregarded the calls as spam.

11. July 2019 Mr. Sankara looked at his credit report pulled from the three credit reporting agencies and noticed nine credit card accounts were being reported as belonging to him. Mr. Sankara had not opened any of the accounts.

12. July 15, 2019 Mr. Sankara then went to the Missoula Police Department and and made a formal report stating he was a victim of identity theft. *See* Police Report (hereinafter "Exhibit 1"), ATTACHED.

13. Also in July 2019 Mr. Sankara filed notice of fraud with the Federal Trade Commission, mailed dispute letters to all nine companies in charge of the fraudulent accounts, and contacted the Equifax, Experian, and TransUnion (the three main credit reporting agencies) to let them know the accounts were fraudulent.

14. Discover Card was one of the nine account holders that Mr. Sankara contacted regarding the fraudulent accounts. In his correspondence with Discover, they gave Mr. Sankara the email associated with the fraudulent account. Mr. Sankara immediately recognized the email address as belonging to Defendant Kambou. Defendant Kambou is from the same country as Mr. Sankara and they have known each other for approximately 20 years.

COMPLAINT AND DEMAND FOR JURY TRIAL — Page 3 of 19

15.    Mr. Sankara continued to monitor his credit and worked with the Missoula Police Department, and the Missoula police determined the accounts in the name of Mr. Sankara were fraudulent and had been opened by Defendant Kambou.

16.    Mr. Sankara worked with the credit card companies on his own and thought all of the fraudulent accounts were taken out of his name.

17.    December 2019 Mr. Sankara was interested in purchasing a home and went to Missoula Federal Credit Union (now Clearwater Credit Union) where he was told Defendant Merrick Bank was reporting a past due loan to Defendant Equifax, one of the three main credit reporting agencies.

18.    Missoula Federal Credit Union informed Mr. Sankara that he would not be able to obtain a home loan based on the past negative credit reports. *See* Clearwater Denial Letter (hereinafter "Exhibit 2"), ATTACHED. These negative credit reports were caused by Defendant Kambou's criminal activity.

19.    January 2020 Mr. Sankara called Defendant Merrick Bank at that time to let them know the account was fraudulent, and faxed them a formal dispute stating the account was not his. At that same time, Mr. Sankara also disputed the fraudulent account opened in his name by Defendant Kambou with Defendant Equifax.

20.    May 6, 2020 Missoula Police Detective Nathan Mattix sent a letter directly to Defendant Merrick Bank notifying them the account in question was fraudulent and informed Defendant Merrick them they had caught Defendant Frank Kambou, the perpetrator of the crime. *See* Letter to Merrick Bank, Detective Nathan Mattix (hereinafter "Exhibit 3"), ATTACHED.

21.    Detective Mattix stated in his letter to Defendant Merrick Bank that the account opened in Mr. Sankara's name was due to a felony crime perpetrated by Defendant Kambou, Defendant Kambou admitted to the felony crime, and that Mr. Sankara was the victim of identity theft. Id.

22.    Mr. Sankara provided this documentation from Detective Mattix to Defendant Merrick Bank's fraud department several times.

23.    Mr. Sankara also sent this same documentation to Defendant Equifax's fraud department several times.

24.    May 15, 2020 Mr. Sankara received a letter from Defendant Merrick Bank letting him know they were investigating the fraud claim and would stop reporting it to the credit reporting agencies.  See Initial Letter from Defendant Merrick Bank, May 15, 2020 (hereinafter "Exhibit 4"), ATTACHED.

25.    June 10, 2020 Mr. Sankara received another letter from Defendant Merrick Bank stating they completed their investigation and they believed the account was not fraudulent, and that it was opened by Mr. Sankara. See Second Letter from Defendant Merrick Bank, June 10, 2020 (hereinafter "Exhibit 5"), ATTACHED.

26.    June 17, 2020 Mr. Sankara received a notice from Equifax stating they also completed their investigation and found Mr. Sankara responsible for the fraudulent Merrick Bank account opened by Defendant Kambou in Mr. Sankara's name.  See Letter from Equifax, June 17, 2020 (hereinafter "Exhibit 6"), ATTACHED.

27.    Equifax's determination Mr. Sankara was responsible for the fraudulent account was a direct result of Defendant Merrick Bank's failure to remove the fraudulent account from Mr. Sankara's name, even though the Missoula Police Department informed Defendant Merrick Bank Mr.

Sankara did not open the account, and they caught the perpetrator of the identity theft and felony crime actually responsible.

28.     From January 2020 to June 2020 Mr. Sankara attempted to dispute the fraudulent account with Defendant Merrick Bank and Defendant Equifax on his own.  Mr. Sankara was unsuccessful in getting the fraudulent account removed from his name and responsibility, so in June of 2020 Mr. Sankara retained the services of Lowy Law, PLLC to attempt to remove the fraudulent account from his name and report his credit.

29.     Starting in June 2020 Counsel for Mr. Sankara made repeated calls and sent several demand letters including all documentation to Defendants Merrick Bank and Equifax.

30.     July 9, 2020 Missoula Police Detective Nathan Mattix wrote an updated letter to Merrick Bank regarding Defendant Kambou fraudulently opening the Merrick Bank account in Mr. Sankara's name. *See* <u>Second Letter to Merrick Bank</u>, Detective Nathan Mattix (hereinafter "<u>Exhibit 7</u>"), ATTACHED.

31.     In the letter, Missoula Police Detective Mattix stated the person responsible for fraudulently opening the account had been apprehended and referred to the Missoula County Attorney's office for felony charges.  <u>Id.</u> He further stated "[f]rom the investigation and evidence I obtained in this case, [Mr. Sankara] is a victim of identity theft. I did not find anything that led me to believe [Mr. Sankara] opened the credit card accounts at Merrick Bank Corp."  <u>Id.</u>

32.     July 7, 2020, the State of Montana entered into a deferred prosecution agreement with Defendant Kambou for his crimes, including the identity theft against Mr. Sankara.  A copy the deferred prosecution

agreement may be filed under seal, or submitted for *in camera* review if needed.

33.     July 16, 2020 Mr. Sankara sent a demand letter to the fraud department of Merrick Bank requesting the fraudulent account be removed from Mr. Sankara's name.  This letter included the following documentation: Fax sent to Merrick Bank by Mr. Sankara informing them of the fraudulent account and asking for it to be removed, February 26, 2020; Fax sent to Merrick Bank by Mr. Sankara informing them of the fraudulent account and asking for it to be removed, May 7, 2020; Letter from Missoula Police Detective Nathan Mattix of May 5, 2020; Affidavit of Forgery from Mr. Sankara of June 26, 2020; Second letter from Missoula Police Detective Nathan Mattix of July 9, 2020; and,  Affidavit of Hamidou Sankara of July 10, 2020.  *See* <u>Defendant Merrick Bank Demand Letter and Attachments</u> (hereinafter "<u>Exhibit 8</u>"), ATTACHED (personal information has been redacted).

34.     August 25, 2020 Mr. Sankara sent a demand letter to the fraud department of Equifax requesting the fraudulent account be removed from Mr. Sankara's name.  *See* <u>Defendant Equifax Demand Letter and Attachments</u> (hereinafter "<u>Exhibit 9</u>"), ATTACHED (personal information redacted).

35.     Starting in August 2020, Mr. Sankara, through counsel, repeatedly attempted to settle this matter with Defendant Kambou regarding the attorney's fees he was forced to incur to repair his credit due to the felony crimes of Defendant Kambou.

36.     August 26, 2020 Defendant Kambou emailed Mr. Sankara: "Hello, I am writing you concerning Hamidou Sankara's case (credit score repair). You requested that I pay the fees for your work. I would like to know how

much are those fees and then I'll let you know later how much I am willing
to pay.  Sincerely,  Franck Kambou."  *See* Email Chain Between Mr.
Sankara and Defendant Kambou (hereinafter "Exhibit 10"), p. 5,
ATTACHED.

37.      September 9, 2020 Mr. Sankara send Defendant Kambou a demand
letter outlining a settlement.  *See* Demand Letter to Defendant Kambou
(hereinafter "Exhibit 11"), ATTACHED.

38.      September 16, 2020 Defendant Kambou admitted he was responsible
for the costs and fees incurred by Mr. Sankara and agreed to repay Mr.
Sankara. Ex. 10, p. 1.

39.      September 29, 2020 Defendant Kambou decided to rescind his offer
of payment:  "Hamidou's case: After carefully reviewing everything, I no
longer want to make an offer since I don't really owe anything to you. So it's
up to you if you want to take it to court. Sincerely, Franck Kambou." Id., p.

## COUNT I - CONVERSION
## AGAINST DEFENDANTS MERRICK BANK, EQUIFAX, AND FRANCK KAMBOU

40.      Plaintiff adopts and realleges all preceding paragraphs as if fully set
forth herein.

41.      Defendant's wrongful acts of dominion over Mr. Sankara's
constitutionally protected property rights constitutes conversion and entitles
Mr. Sankara to damages.  Defendant's wanton and intentional acts makes
them liable for punitive damages

42.      In Montana, an individual's credit rating is a property right.

43.      Conversion is an act of dominion wrongfully exerted over one's
property in denial of, or inconsistent with, the owner's right.

44.   The detriment caused by wrongful conversion is the value of the property at the time of its conversion with interest from that time.

45.   The owner of wrongfully converted property is entitled to reasonable expenses incurred in pursuit of his property.  If a court finds an owner is entitled to compensation under the conversion statute, and fails to award him anything, it is abuse of discretion.

46.   A plaintiff is entitled to damages based of the loss of a future profit due to conversion.  Damages may be awarded to a plaintiff in a conversion case for a detriment resulting after the commencement of the conversion, or for damages certain to result in the future.  These future damages only need to be reasonably certain to be awarded.

47.   Punitive damages for conversion are available in Montana.

48.   Mr. Sankara's credit rating is a constitutionally protected property right.

49.   Defendant Kambou wrongfully exerted dominion over Mr. Sankara's constitutionally protected property right when Defendant Kambou fraudulently took out loans in Mr. Sankara's name

50.   When presented with overwhelming evidence the accounts were fraudulent, Defendants Merrick Bank and Equifax wrongfully exerted dominion over Mr. Sankara's constitutionally protected property right when they refused to remove the fraudulent accounts from Mr. Sankara's credit.

51.   Mr. Sankara had full ownership rights of his personal credit score.

52.   Defendant Kambou wrongfully exerted dominion over Mr. Sankara's property right by taking out fraudulent loans in Mr. Sankara's name without his knowledge or permission.

53.   Defendants Merrick Bank and Equifax wrongfully exerted dominion over Mr. Sankara's property right by refusing to remove the fraudulent

accounts from Mr. Sankara's credit and responsibility when presented with

clear and convincing evidence the accounts were fraudulent.

54.   Mr. Sankara was damaged.  First, Defendant Kambou's distinct acts

of wrongful dominion over Mr. Sankara's property right denied Mr. Sankara

the ability to obtain a loan in order to buy a home in Missoula.

55.   Mr. Sankara was damaged.  Second, Mr. Sankara was forced to hire

an attorney to repair the damage done to his property right by Defendant

Kambou's crimes.

56.   Mr. Sankara was damaged.  Third, Defendant Merrick Bank's and

Defendant Equifax's refused to remove fraudulent loans from his credit and

responsibility.

57.   Defendants' unlawful conversion ruined Mr. Sankara's opportunity to

purchase a home and enjoy Missoula's residential real estate market

upswing in 2019 depriving him of reasonably assured profits.

58.   In 2019, the median sale price of a Missoula home was approximately

$315,000.  The first few months of data for 2020 states the median sale

price of a Missoula home had risen to over $340,000.  The fastest growing

home prices are entry-level homes, making affordability particularly

challenging for new prospective home buyers.  This has resulted in the past

eight years being categorized as a seller's market for entry-level homes in

Missoula. "Missoula Housing Prices Soar" Montana Business Quarterly,

Brandon Bridge, July 7, 2020. Accessed at  https://

www.montanabusinessquarterly.com/missoula-housing-prices-soar/ April

20, 2021.

59.   Missoula home prices have risen by 5.8% over the last year. https://

www.noradarealestate.com/blog/missoula-real-estate-market  accessed

April 20, 2020.

60.   Mr. Sankara was approved to purchase a $171,000 home.  Exhibit B, p. 2.  With the median home price in Missoula currently over $340,000, this could be considered an entry level home.  Defendant's actions ruined Mr. Sankara's chances of purchasing an entry level home and enjoying the benefits of the residential market upswing, and lost out on a future 5.8% increase in the value of the home.

61.   A 5.8% increase in the value of a $171,000 home equals $9,918. Defendant's unlawful dominion over Mr. Sankara's constitutionally protected property right amounts to conversion, and that unlawful conversion robbed Mr. Sankara of the opportunity to capitalize on future gains.

## A.   Defendant Kambou is liable for punitive damages.

62.   Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

63.   Mr. Sankara is eligible for punitive damages due to Defendant Kambou's willful and wanton unlawful conversion.

64.   Defendant Kambou's wrongful acts complained of can be characterized by the circumstances of aggravation including willfulness, . wantonness, malice, oppression, brutality, insult, recklessness, gross negligence, and gross fraud.  When an unlawful conversion meets this threshold, Montana case law holds the Defendant is liable for punitive damages.

65.   Further, Montana statute supports an award of punitive damages for Mr. Sankara because Defendant Kambou is guilty of actual malice and / or actual fraud.

66.     Defendant Kambou entered into a deferred prosecution agreement with the State of Montana for felony identity theft against Mr. Sankara after using Mr. Sankara's personal information to fraudulently open credit accounts in Mr. Sankara's name without his knowledge or permission.

67.     Defendant Kambou is guilty of actual malice.  Defendant Kambou intentionally disregarded the fact that fraudulently opening credit accounts in Mr. Sankara's name without his knowledge or permission created a high probability of injury to Mr. Sankara's credit and reputation, and yet Defendant Kambou deliberately proceeded to act in conscious disregard of the high probability of injury to Mr. Sankara.

68.     In the alternative, Defendant Kambou is guilty of actual fraud. Defendant Kambou made the representation that he would use Mr. Sankara's personal information to open a bank account for Mr. Sankara, but this was a pretext to get the information in order to open credit accounts in Mr. Sankara's name so Defendant could use the accounts and have someone else be responsible for the resulting debt.  Mr. Sankara had the right to rely upon the representation from Mr. Kambou that he would only use his personal information to open a bank account for Mr. Sankara's benefit, but instead Mr. Sankara suffered injury as a result of that reliance.

69.     The elements of Mr. Sankara's claim for punitive damages are proved by clear and convincing evidence.

70.     There is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence:  Defendant Kambou committed felony identity theft by using Mr. Sankara's personal information to open credit accounts in Mr. Sankara's name without his knowledge or permission, Defendant Kambou was apprehended by the Missoula Police

Department for this crime, Defendant Kambou admitted to committing the crime and entered into a deferred prosecution agreement for the crime.

71.     Further, Defendant Kambou admitted to Mr. Sankara that he committed the crime, accepted an offer to pay for the expenses incurred by Mr. Sankara to repair his credit, and then later rescinded his offer as follows: "After carefully reviewing everything, I no longer want to make an offer since I don't really owe anything to you.  So it's up to you if you want to take it to court. Sincerely, Franck Kambou." Ex. 10, p.1.

72.     Defendant Kambou's wanton actions makes him liable for punitive damages beyond normal damages.

   **B.     Defendant Merrick Bank and Defendant Equifax are liable for punitive damages.**

73.     Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

74.     Defendants Merrick Bank and Equifax are liable for conversion, and their wanton actions make them liable for punitive damages beyond normal damages.

75.     Defendants Merrick Bank's and Equifax's wrongful acts complained of can be characterized by the circumstances of aggravation including willfulness, wantonness, oppression, insult, recklessness, and gross negligence.  When an unlawful conversion meets this threshold, Montana case law holds the Defendant is liable for punitive damages.

76.     Defendants Merrick Bank and Equifax are guilty of actual malice. Defendants Merrick Bank and Equifax intentionally disregarded the two letters from the Missoula Police Department which stated someone else was responsible for opening the account other than Mr. Sankara, and

intentionally disregarded the <u>Affidavit of Forgery</u> and <u>Affidavit of Hamidou</u> <u>Sankara</u> submitted to them, creating a high probability of injury to Mr. Sankara's credit and reputation.

77.     The elements of Mr. Sankara's claim for punitive damages are proved by clear and convincing evidence.

78.     Defendants Merrick Bank, and Equifax are liable for conversion, and their wanton actions make them liable for punitive damages beyond normal damages.

## <u>COUNT II - VIOLATIONS OF THE FAIR DEBT COLLECTIONS</u> <u>PRACTICES ACT AND</u> <u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT -</u> <u>AGAINST DEFENDANTS EQUIFAX AND MERRICK BANK.</u>

79.     Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

80.     Defendants Merrick Bank and Equifax violated federal code by failing to make a reasonably sufficient investigation into the validity of the alleged debt as required under the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"). The FDCPA imposes an affirmative duty on a debt collector to cease collection efforts and take steps to verify the debt.

81.     Defendants Merrick Bank and Equifax violated federal code by failing to accurately report Mr. Sankara's credit score when given overwhelming evidence their current reporting was in error as required by the Fair Credit Reporting Act (hereinafter "FCRA"). The FCRA requires that those who furnish information to credit reporting agencies provide accurate information and take action when notified of a dispute.

82.   Defendants Merrick Bank and Equifax acted with actual malice or in willful and wanton disregard of Mr. Sankara's rights entitling him to punitive and treble damages.

83.   Mr. Sankara informed Defendants Merrick Bank and Equifax he had been victimized by Defendant Kambou.

84.   The Missoula Police Department informed Defendants Merrick Bank and Equifax Mr. Sankara had been victimized by Defendant Kambou.

85.   Defendant Kambou fraudulently opened the Merrick Bank account in Mr. Sankara's name and confessed to fraudulently opening the account.

86.   Defendant Merrick Bank's refusal to remove this account from Mr. Sankara's credit in light of the evidence presented to them is a violation of provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681.

87.   Defendants Merrick Bank and Equifax are liable for actual damages, statutory damages, and costs and reasonable attorney's fees for their violations of provisions of the FDCPA and the FCRA.

## COUNT III MONTANA CONSUMER PROTECTION ACT VIOLATIONS - AGAINST DEFENDANTS MERRICK BANK AND EQUIFAX.

88.   Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

89.   Defendants Merrick Bank and Equifax violated Montana law by failing to make a reasonably sufficient investigation into Mr. Sankara's credit rating information when presented with clear and convincing evidence.

90.   Reporting unverified adverse information violates Montana law. Mont. Code Ann. § 31-3-115(1).

91.     The reporting agencies must block the reporting of any information resulting from an identity theft, pursuant to 15 U.S.C. § 1681c-2, even if the identity theft is not yet proven. Mont. Code Ann. § 31-3-115(2) To proceed otherwise is in violation of Federal and Montana laws. Mont. Code Ann. § 31-3-115(2); 15 U.S.C. § 1681c-2.

92.     Plaintiff Hamidou Sankara meets the definition of consumer within the meaning of the Montana Consumer Protection Act (hereinafter "CPA") Mont. Code Ann. § 30-14-102(1).

93.     The course of willful noncompliance currently being undertaken by Merrick Bank will result in an award of actual damages, punitive damages, and attorney's fees for Mr. Sankara.  Mont. Code Ann. § 31-3-142.

94.     In accordance with Montana's Consumer Protection Act, protecting against unfair or deceptive trade practices, this Court should treble the damages award against Defendants, award the mandatory $500 penalty, and award all attorney's fees to Mr. Sankara.

## COUNT IV — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS — AGAINST DEFENDANTS FRANK KAMBOU, MERRICK BANK, AND EQUIFAX.

95.     Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

96.     Mr. Sankara suffered negligent infliction of emotional distress due to the defendants' conduct because it was reasonably foreseeable that by Defendant Kambou's opening of a fraudulent account under Mr. Sankara's name with no intention of paying off the account, Mr. Sankara would suffer serious or severe emotional distress so severe that no reasonable person could be expected to endure it.

97.   It was also reasonably foreseeable that Defendants Merrick Bank's and Equifax's refusal to remove the information regarding the fraudulent account from Mr. Sankara's credit — ultimately causing him to lose out on his dream of purchasing a home in America — that Mr. Sankara would suffer serious or severe emotional distress that no reasonable person could be expected to endure.

98.   The defendants' actions have inflicted negligent emotional distress on Plaintiff.

## COUNT V — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — AGAINST DEFENDANTS FRANK KAMBOU, MERRICK BANK, AND EQUIFAX.

99.   Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

100.   Mr. Sankara's has shown he suffered suffered serious or severe emotional distress due to Defendant's actions.

101.   Montana law provides that an independent cause of action can be brought for intentional infliction of emotional distress. Sacco v. High Country Indep. Press, Inc., 271 Mont. 209, 236, 896 P.2d 411, 427 (1995).

102.   It was reasonably foreseeable that by Defendant Kambou's opening of a fraudulent account under Mr. Sankara's name with no intention of paying off the account, Mr. Sankara would suffer serious or severe emotional distress.

103.   It was reasonably foreseeable that Defendants Merrick Bank's and Equifax's refusal to remove the information regarding the fraudulent account from Mr. Sankara's credit ultimately causing him to lose out on his dream of purchasing a home in America that Mr. Sankara would suffer

serious or severe emotional distress no reasonable person could be expected to endure.

104.    This claim can stand independent of this civil suit, and the emotional distress is still so severe that no reasonable person could be expected to endure it.

105.    Defendants are liable to Mr. Sankara for intentional infliction of emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff moves this Court for judgment as follows:

106.    All court costs;

107.    Reasonable attorney's costs, presently $9,240 in hourly fees;

108.    Reasonable attorney's expenses, presently $368.20;

109.    Award regular damages and punitive damages pursuant to Montana case law and Montana statute;

110.    Award $500 and award all attorney's fees to Mr. Sankara as allowed by the CPA;

111.    Award $1,000 as allowed by the FDCPA;

112.    All collection fees; and,

113.    All such other relief deemed just and proper by the Court.

**RESPECTFULLY** submitted this 5th day of May, 2021.

Kai N. Puhrmann, Esq.
Lowy Law, PLLC
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issue so triable.

1

**RESPECTFULLY** submitted this <u>5th</u> day of <u>May</u>, 20<u>21</u>.

2

3

4                                          Kai N. Puhrmann, Esq.
                                          Lowy Law, PLLC
5                                          *Attorney for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL — Page 19 of 19

# Exhibit 1

**2019-31254Intake**



## Missoula Police Department
## Police Report – Narrative

**Report #:**   2019-31254

**Completed by:**   Moore, Savannah C789          **Time:**   07/15/2019 2112

Hamidou Sankara came to the city desk to report identity theft in which five accounts were opened in Sankara's name sometime in 2016.

Sankara stated he received a phone call from a collector's agency and they advised him of five open accounts that total about $10,000. Sankara advised them he did not open these accounts and they advised him how the accounts have different addresses linked with them that Sankara has not lived and that he should file a police report of the fraud. It is unknown what information about Sankara (Social Security number, etc.) was used to open the accounts.

Sankara was directed by PSS Shalom to upload photos of the emails sent to Sankara from the collector's agency listing the accounts, addresses, amounts and any other information they had. Sankara also completed a DOJ Identity Theft Passport Application

at this time.                                                                        - No suspect information

**Missoula Police Department**
**CASE REPORT**
438 Ryman St
Missoula, MT 59802

CASE# 2019-00031254

## GENERAL PROPERTY

| PROPERTY CODE | | | | VALUE |
|---|---|---|---|---|
| 3 Counterfeit or Forged, 7 Stolen | | | | $10000.00 |
| QUANTITY/AMT OF MEASURE | PROPERTY TYPE/CLASS | | SERIAL | COLOR |
| 1 / Each | Identity - Intangible | | | |
| ITEM DESCRIPTION | | | | |
| $10,000.00 in unpaid credit balance as a result of identity theft. | | | | |

| PROPERTY CODE | | | | VALUE |
|---|---|---|---|---|
| | | | | |
| QUANTITY/AMT OF MEASURE | PROPERTY TYPE/CLASS | | SERIAL | COLOR |
| | | | | |
| ITEM DESCRIPTION | | | | |

| PROPERTY CODE | | | | VALUE |
|---|---|---|---|---|
| | | | | |
| QUANTITY/AMT OF MEASURE | PROPERTY TYPE/CLASS | | SERIAL | COLOR |
| | | | | |
| ITEM DESCRIPTION | | | | |

| PROPERTY CODE | | | | VALUE |
|---|---|---|---|---|
| | | | | |
| QUANTITY/AMT OF MEASURE | PROPERTY TYPE/CLASS | | SERIAL | COLOR |
| | | | | |
| ITEM DESCRIPTION | | | | |

| PROPERTY CODE | | | | VALUE |
|---|---|---|---|---|
| | | | | |
| QUANTITY/AMT OF MEASURE | PROPERTY TYPE/CLASS | | SERIAL | COLOR |
| | | | | |
| ITEM DESCRIPTION | | | | |

| PROPERTY CODE | | | | VALUE |
|---|---|---|---|---|
| | | | | |
| QUANTITY/AMT OF MEASURE | PROPERTY TYPE/CLASS | | SERIAL | COLOR |
| | | | | |
| ITEM DESCRIPTION | | | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| C393 Straw | 07/15/2019 | Caton, James | 07/21/2019 |

COPY

**Missoula Police Department**
CASE REPORT
438 Ryman St
Missoula, MT 59802

CASE# **2019-00031254**

## NARRATIVE

On 07/21/2019, at 1124 hours, I was dispatched to the front desk of the MPD to speak to a victim of identity theft. Dispatch advised the victim was Hamidou Sankara. I arrived a short time later.

I met with Hamidou who told me he made a report of this incident with the MPD a couple weeks ago. Since then Hamidou has been doing his own investigation. He explained to me the details of the case. He said a short time ago he began receiving calls from credit card companies who were demanding he pay off outstanding balances. Hamidou told me he learned there were at least 9 accounts through various credit card companies. He said the total remaining outstanding balance of all the credit cards is over $10,000.00. Hamidou told me that he did not open any of the accounts, or charge any of that money. Hamidou assured me that someone else has stolen his identity and open credit accounts in his name.

Hamidou said he began calling the credit card companies attempting to get information on who was opening all the accounts. The very last company he called was Discover Card. Hamidou said a gentleman on the phone who worked for Discover card provided him with an email and a telephone number that was used when the credit card was applied for. Hamidou immediately recognized the phone number and the email as an acquaintance of his named [REDACTED].

Hamidou told me that he has not yet attempted to contact [REDACTED] and he does not plan to do so. Hamidou gave me [REDACTED] last known address and an additional phone number for him.

I gave Hamidou a case number.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| C393 Straw | 07/15/2019 | Caton, James | 07/21/2019 |



# Case Report
## Summary

Missoula City Police Department

**Case Number:** 2019-00031254

## Case

| | |
|---|---|
| **Case Number:** 2019-00031254 | |
| **Location:** 1848 S 4TH ST W 4 | **Incident Type:** Identity Theft |
| MISSOULA, MT 59801 | **Occurred From:** 07/15/2019 20:56 |
| **Reporting Officer ID:** C789 - Moore | **Occurred Thru:** 07/15/2019 20:56 |
| | **Disposition:** 4A, Inactive-Exhausted All Leads |
| | **Disposition Date:** 07/16/2019 |
| | **Reported Date:** 07/15/2019 20:56 Monday |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 1143 | 45-6-332(2)(b) | Identity Theft - Economic Benefit Of $1000 Or More Was Gained | 1 |

## Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|---|
| Suspect | 1 | | | | | | |
| Victim | 1 | Sankara, Hamidou | | | | | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|
| 07/21/2019 | 7 Stolen | Identity - Intangible | | | $10,000.00 in unpaid credit balance as a result of identity theft. | |

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|

# Exhibit 2

**From:** Kai Puhrmann Kai@lowylawfirm.com 
**Subject:** Fwd: Adverse Action
**Date:** October 26, 2020 at 10:30 AM
**To:** Kai Puhrmann Kai@lowylawfirm.com

Hamidou,
  Attached is the letter confirming your application for a mortgage loan was completed and denied due to past credit.
Let me know if you have any questions.

Michelle L. Felde

Real Estate Loan Officer NMLS #712728
1775 S Russell St, Missoula, MT 59801
Office Direct:  406-541-3401
michelle.felde@clearwatercreditunion.org
Apply online: https://clearwatercreditunion.org/home-loans/michelle-felde/

Read our 2019 Annual Report



The information contained in this message may be confidential and protected. If you are not the intended recipient of this email we apologize for cluttering your inbox and ask that you not distribute or archive the contents. Please delete it, including any attachments, and notify us as soon as possible at https://clearwatercreditunion.org/contact. Thank you. And sorry for any inconvenience we may have caused.



rulobbymfc@cle
arwate...39.pdf

## STATEMENT OF CREDIT DENIAL, TERMINATION OR CHANGE

Applicants: HAMIDOU SANKARA

Mailing Address:  1848 S 4TH ST W, MISSOULA, MT 59801

Loan Amount: $ 171,000.00
Interest Rate:    3.875         %
Term:              360           months
Loan Number:   0010030005

Dear Applicant:
Thank you for your application for    a Conventional mortgage.

1. In compliance with Regulation "B" (Equal Credit Opportunity Act), you are advised that your recent application for an extension or renewal of credit has been declined. The decision to deny your application was based on the following reason(s):

☐ No Credit File
☐ Insufficient Number of Credit References
☐ Insufficient Credit File
☐ Unable to Verify Credit References
☐ Garnishment or Attachment
☐ Foreclosure or Repossession
☐ Excessive Obligations in Relation to Income
☐ Lack of Cash Reserves
☑ Delinquent Past or Present Credit Obligations with Others
☐ Bankruptcy
☐ Unable to Verify Employment
☐ Length of Employment
☐ Temporary or Irregular Employment
☐ Unable to Verify Income
☐ Temporary Residence
☐ Length of Residence
☐ Unable to Verify Residence
☐ Credit Application Incomplete
☐ Value or Type of Collateral not Sufficient
☐ Unacceptable Property
☐ Insufficient Data – Property
☐ Unacceptable Appraisal
☐ Unacceptable Leasehold Estate
☐ We do not grant credit to any applicant on the terms and conditions you requested
☐ File Closed For Incompleteness
☐ Withdrawn by Applicant
☐ Unacceptable Type of Credit References Provided
☐ Number of Recent Inquiries on Credit Bureau Report
☐ Income Insufficient for Amount of Credit Requested
☐ Limited Credit Experience
☐ Poor Credit Performance with Us
☐ Collection Action or Judgement
☐

2. Disclose of use of information obtained from an outside source. This selection should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.

☑ Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have the right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Agency #1: Equifax Information Services LLC, P O Box 740241, Atlanta GA, 30374-0241, (800) 685-1111
Agency #2: Experian, P. O. Box 2002, Allen TX, 75013-0036, (888) 397-3742
Agency #3: TransUnion, 2 Baldwin Place, P.O. Box 1000, Chester PA, 19016, (800) 888-4213

We also obtained your credit score from this consumer reporting agency, TransUnion and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

• Your credit score: 753
• Date: 2/3/2020
• Scores range from a low of 300 to a high of 839
• Key factors that adversely affected your credit score:

Length of time accounts have been established

Too many inquiries last 12 months

Amount owed on revolving accounts is too high

IN ADDITION TO THE FACTORS LISTED, THE NUMBER OF INQUIRIES ON THE CONSUMER'S CREDIT FILE HAS

☐ Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information. If you have any questions regarding this notice, you should contact:

☐ Additional Information:

The Federal Equal Credit Opportunity Act prohibits creditors from discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers compliance with this law concerning the creditor is:

NCUA, Office of Consumer Protection , 1775 Duke Street , Alexandria, VA 22314

3. Should you have any additional information which might assist us in evaluating your creditworthiness, please let us know. Thank you for applying.

4. This notification is given by us on behalf of
Michelle L Felde NMLS# 712728
CLEARWATER FEDERAL CREDIT UNION NMLS# 447584
1775 S RUSSELL ST
MISSOULA, MT 59801

Description of Account, Transaction or Requested Credit:  a Conventional mortgage.

Description of Action Taken:  Denied

Notice Mailed On:  02/03/2020

Date Denied:  02/03/2020

Date Cancelled/Withdrawn:

By:   Michelle L Felde

CLEARWATER FEDERAL CREDIT UNION NMLS# 447584
1775 S RUSSELL ST
MISSOULA MT, 59801
(406) 523-3300

# Exhibit 3



**CITY OF MISSOULA**
**POLICE DEPARTMENT**

*"Professionalism With Pride"*

May 6, 2020

Merrick Bank Corporation,

I am a detective with the Missoula Police Department in Missoula, MT. I am currently investigating a case where Hamidou Sankara, is a victim to identity theft. The suspect in the case used Hamidou's personal identifying information to open multiple credit card accounts in Hamidou's name. When the suspect opened the account at Merrick Bank he used Hamidou's name, his date of birth and the phone number 406-924-3939, the email address of kamisma10@gmail.com, and the applicant mother's maiden name was Traore.

During my investigation, the email address of kamisma10@gmail.com is the email which belongs to the suspect in the case. The maiden name listed on the application information, Traore, is the maiden name for the suspect's mother.

During the investigation, the suspect admitted to using Hamidou's personal identifying information and opening a credit account at Merrick Bank Corporation.

From my investigation, I believe the Merrick Bank Corporation account in Hamidou's Sankara name, was opened fraudulently by the suspect in this case and without Hamidou's permission.

Since finding out about his identity being stolen, Hamidou has taken the correct steps in reporting it to law enforcement and filling out paperwork identifying himself a victim to identity theft.

If you have any questions, feel free to contact me at nmattix@ci.missoula.mt.us or my direct office phone number is 406-552-6296.

*Nathan Mattix* C350

Officer Nathan Mattix
Missoula Police Department
Missoula, MT 59802
406-552-6300

435 Ryman
Missoula, MT 59802-4297

406-552-6300
Fax 406-728-6690

Exhibit 4

 **Merrick Bank**

05/15/2020

Hamidou Sankara
1848 S 4th St W #4
Missoula, MT 59801

RE: Account Number Ending in 5015

Dear Hamidou Sankara:

We are writing in response to your notification that you may have been a victim of Identity Theft, and that you have no knowledge of the above referenced Merrick Bank Visa credit card.

This account is presently closed, and we are investigating it as a fraudulent application. While we conduct the investigation, we will suspend any collection activity or negative reporting to the Consumer Reporting Agencies (CRAs).

As a potential victim of identity theft, we strongly recommend that you contact the three major CRAs listed below to inform them.

Equifax – Consumer Fraud Division
P.O. Box 740256
Atlanta, GA 30348
Phone: (800) 525-6285
Fax: (770) 375-2821

Experian – National Consumer Assistance
P.O. Box 9554
Allen, TX 75013
Phone: (888) 397-3742

TransUnion – Fraud Victim Assistance Department
P.O. Box 2000
Chester, PA 19016
Phone: (800) 680-7289
Fax: (714) 447-0634

You may also report your identity theft concerns to the Federal Trade Commission by going to https://www.identitytheft.gov. If you have not done so already, we also recommend you obtain a free annual copy of your credit report by going to www.annualcreditreport.com.

If you have any further questions concerning this matter, please contact us at the phone number or address below.

Sincerely,
Fraud Account Investigations Department
Merrick Bank

P.O. Box 1442 Draper, Utah 84020-1442 – Phone: 801-545-6970 – Fax: 801-545-6300

Exhibit 5

 **Merrick Bank**

06/10/2020

Hamidou Sankara
1848 S 4th St W #4
Missoula, MT 59801

RE: Account Number Ending in 5015

Dear Hamidou Sankara:

We have completed our investigation of your claim that the above referenced account was opened
fraudulently. After reviewing our records and the account history, we have determined that the account
was legitimately opened in your name. You are responsible for repayment of any amounts owed and the
account will continue to be reported to the major Consumer Reporting Agencies (CRAs).

If you have any further questions concerning this matter, please contact us at the phone number or
address below.

Sincerely,

Fraud Account Investigations Department
Merrick Bank

Exhibit 6

P. O. Box 105518
Atlanta, GA 30348



# EQUIFAX

**CREDIT FILE : June 17, 2020**
**Confirmation # 0161084281**

Dear HAMIDOU SANKARA:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

* We request that the reporting company verify the accuracy of the information you disputed;

* We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

* We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

You have a few options:

* You may add a statement of up to 100 words (200 words for Maine residents) to your credit report. If you provide a consumer statement that contains medical information related to services provided or medical procedures, then you expressly consent to including this information in every credit report we issue about you.

* You may contact the company that reports the information to us and dispute it directly with them . If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.

* You may provide us additional information or documents (such as an identity theft report or a letter from the reporting company) about your dispute to help us resolve it by visiting our website https://www.equifax.com/personal/disputes . You may also mail your documents to PO Box 740256, Atlanta GA 30374-0256 or contact us by calling a Customer Representative at 866-349-5191.

* You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.

( Continued On Next Page )

0161084281JPY-002760044- 3313 - 5504 - ASD

## What else should I know?

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

( Continued On Next Page )

0161084281JPY-002760044-3313 - 5504 - ASD



## How should I read my dispute results?

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "**Deleted**", we have removed it from your credit report and taken steps so it does not reappear.
- If an item states "**Verified as Reported**", the reporting company has certified it is reporting accurately.
- If an item states "**Updated**", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: **The information you disputed has been updated.**

Updated disputed account information. Additional account information was also updated. **The information you disputed has been updated as well as other information on this item.**

Disputed information accurate. Updated account information unrelated to the dispute: The information you disputed has been verified as accurate, however, **information unrelated to your dispute has been updated.**

Consumer's dispute not specific. Consumer information verified. Account information updated: Information on your report has been updated.

### The Results Of Our Reinvestigation:

>>> **We have reviewed the former address. The results are:** The disputed address has been deleted.  **1203 SW Higgins Ave Apt C Missoula Mt 59803**
**Residence Since: 08/2019   Fraud**

>>> The disputed address has been deleted.  **607 SW Higgins Ave Apt C Missoula Mt 59803 Residence Since: 11/2016   Fraud**

**Credit Account Information:**
*(For your security the last 4 digits of account numbers) have been replaced by "*" (This section includes open and closed accounts reported by credit grantors)*

| Account History | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| --- | --- | --- | --- |
| Status Code | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| Descriptions | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> **We have researched the credit account. Account # - 41206180281** *The results are:* We verified that this item belongs to you. If you have additional questions about this item please contact: **Merrick Bank, PO Box 9201, Old Bethpage NY .11804-9001**

( Continued On Next Page )

0161084281JPY-002760044-3313 - 5504  - ASD

**Merrick Bank**   PO Box 9201, Old Bethpage NY 11804-9001

| Account Number | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 412081802814* | | | | | | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Fil |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 06/17/2020 | $2,776 | $2,776 | 02/12/2018 | $0 | $2,200 | | Monthly | 16 |

| Status | Type of Account | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Mfg. Del. 1st Rpt'd | Charge Off Amount |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Charge Off | Revolving | 11/2018 | $0 | $0 | 02/2019 | | 02/2019 | $2,776 |

| Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Deferred Pay Start Date | Balloon Pay Amount | Portfolio Status | Balloon Pay Date | Date Closed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Revolving | Credit Card | Individual Account | Original Creditor | | $0 | | | |

**ADDITIONAL INFORMATION:**

Charged Off Account

Credit Card

**Account History with Status Codes**

05/2020 04/2020 03/2020 02/2020 01/2020 12/2019 11/2019 10/2019 09/2019 08/2019 07/2019 06/2019 05/2019 04/2019 03/2019 02/2019
  L    L    L    L    L    L    L    L    L    L    L    5    4    3    2    1

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 05/20 | No Data Available | | | | | | | | |
| 04/20 | $2,776 | | | 11/1/2018 | | $2,200 | $2,776 | Credit Card | |

**ADDITIONAL INFORMATION:**

| | Balance | | | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 03/20 | $2,776 | | | 11/1/2018 | | $2,200 | $2,776 | Credit Card | |

**ADDITIONAL INFORMATION:**

(Continued On Next Page)

01610842B1JPY-0027600d44- 3313 - 5504 - ASD



**Confirmation # 0161084281**

## CREDIT FILE : June 17, 2020

| 02/20 | $2,776 | 11/1/2018 | $2,200 | $2,776 | Credit Card |

ADDITIONAL INFORMATION:

| 01/20 | No Data Available |
| 12/19 | No Data Available |
| 11/19 | No Data Available |
| 10/19 | No Data Available |
| 09/19 | No Data Available |
| 08/19 | $2,776 | 11/1/2018 | $2,200 | $2,776 | Credit Card |

ADDITIONAL INFORMATION:

| 07/19 | No Data Available |
| 06/19 | $2,715 | 11/1/2018 | $2,715 | $2,200 | $609 | Credit Card |
| 05/19 | $85 |

ADDITIONAL INFORMATION:

( Continued On Next Page )

Page 5 of 8

0161084281JPY-002760044 · 3313 · 5504 · ASD

| 05/19 | $2,657 | $85 | | 11/1/2018 | $2,657 | $2,200 | $524 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | | | |
| 120 Days Past Due | | | | | | | | |

| 04/19 | $2,598 | $120 | | 11/1/2018 | $2,598 | $2,200 | $404 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | | | |

| 03/19 | No Data Available | | | | | | | |

| 02/19 | $2,411 | $111 | | 11/1/2018 | $2,411 | $2,200 | $174 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | | | |

| 01/19 | $2,325 | $104 | | 11/1/2018 | $2,325 | $2,200 | | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | | | |

| 12/18 | $2,245 | $70 | $70 | 11/1/2018 | $2,245 | $2,200 | | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | | | |

( Continued On Next Page )

0161084281JPY-002760044-3313-5504 -

# CREDIT FILE : June 17, 2020

Confirmation # 0161084281

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/18 | $2,231 | $70 | 11/1/2018 | $69 | $2,231 | $2,200 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | |
| 10/18 | $2,182 | $69 | 10/1/2018 | $51 | $2,185 | $2,200 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | |
| 09/18 | $1,934 | $51 | 9/1/2018 | $37 | $1,934 | $2,200 | Credit Card |
| 08/18 | $1,099 | $37 | 8/1/2018 | $37 | $1,120 | $1,100 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | |
| 07/18 | $1,111 | $37 | 7/1/2018 | $35 | $1,120 | $1,100 | Credit Card |
| ADDITIONAL INFORMATION: | | | | | | |

( Continued On Next Page )

Page 7 of 8

0161084281JPY-0027600044-3313-5504 - ASD

**Notice to Consumers**

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

0161084281JPY-002760044- 3313 - 5504 - ASD

Page 8 of 8

( End Of Report )

# Exhibit 7



**CITY OF MISSOULA**
**POLICE DEPARTMENT**

*"Professionalism With Pride"*

July 9, 2020

Merrick Bank Corp. Legal Division,

I am a detective with the Missoula Police Department in Missoula, MT. I investigated a case of identity theft, Missoula Police Department case 2019-31254. The victim, Hamidou Sankara, had his personal information used without his consent and permission, where the suspect opened multiple credit accounts. Merrick Bank Corp was one of those credit accounts opened with Hamidou's information. Hamidou had two accounts opened through Merrick Bank Corp.

The suspect in the case, used Hamidou's personal identifying information(legal name, social security number, date of birth, phone number) to open the credit accounts through Merrick Bank Corp.

**Partial Account number          Dates**

412061802814              02/12/18-06/01/2019

During the course of the investigation, I identified a suspect, who was a close friend of Hamidou's. I talked to the suspect in the case. The suspect admitted to using Hamidou's personal identifying information to open multiple credit card accounts.

The case was sent to the Missoula County Attorney's Office for criminal charges to be filed against the suspect, for felony identity theft.

From the investigation and evidence I obtained in this case, Hamidou is a victim of identity theft. I did not find anything to lead me to believe Hamidou opened the credit card accounts at Merrick Bank Corp.

If you would like a copy of the police report, please contact the Missoula Police Department records department by mail: 435 Ryman, Missoula MT 59802 or by phone, 406-552-6300

Thank you for your assistance,

Detective Nathan Mattix C350
Missoula Police Department
435 Ryman Street
Missoula, MT 59802
406.552.6296
nmattix@ci.missoula.mt.us

435 Ryman
Missoula, MT 59802-4297

406-552-6300
Fax 406-728-6690

# Exhibit 8



Matthew B. Lowy, Owner
Kathleen Molsberry, Partner
~~Kai-N-Puhrmann, Partner~~
Crissy Manhan, Office Manager
Leda Korsukewitz, Paralegal

**LOWY LAW,** P.L.L.C.

LowyLawfirm.com
406.926.6500

103 South 5ᵀᴴ Street East
Missoula, Montana 59801

info@LowyLawfirm.com
documents@LowyLawfirm.com

July 16, 2020

Merrick Bank % Merrick Bank – Agent
10705 S. Jordan Gateway #200
South Jordan, UT 84095
*via Registered Mail*

RE: ~~Hamidou Sankara, Crime Victim~~
     **Obligation to remove fraudulent account from credit history**
     **Account #4120618028145015**

Greetings,

    Our firm represents Mr. Hamidou Sankara in this matter. This letter and the accompanying attachments are notice of your corporation's violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, the Montana Consumer Protection Act, and several other Montana statutes. Our firm urges your immediate review of this letter and attachments to expedite resolution; alternatively, these pages shall form the basis of our client's injunctive relief and district court complaint.

**ISSUE**

    Mr. Sankara has been victimized by Mr. Franck Kambou. Mr. Kambou fraudulently opened the account ending in 5015 in Mr. Sankara's name. We require you to please remove the fraudulent account from the credit history and responsibility of Mr. Sankara. Further, we require your organization report to Equifax that the account ending in 5015 was fraudulently opened by someone other than Mr. Sankara.

    We have included several documents for your review that support our demand:

1) Fax sent to Merrick Bank by Mr. Sankara informing them of the fraudulent account and asking for it to be removed, February 26, 2020, ATTACHED.

2) Fax sent to Merrick Bank by Mr. Sankara informing them of the fraudulent account and asking for it to be removed, March 26, 2020, ATTACHED.

3) Fax sent to Merrick Bank by Mr. Sankara informing them of the fraudulent account and asking for it to be removed, May 7, 2020, ATTACHED.

4) Letter from Missoula Police Detective Nathan Mattix of May 5, 2020, ATTACHED.

5) Affidavit of Forgery from Mr. Sankara of June 26, 2020, ATTACHED.

6) Second letter from Missoula Police Detective Nathan Mattix of July 9, 2020, ATTACHED.

7) Affidavit of Hamidou Sankara of July 10, 2020, ATTACHED.

The Missoula Police Department has apprehended Franck Kambou, the person responsible for opening this account, and Mr. Kambou is currently being charged by the Missoula County Attorney's office. Mr. Kambou has confessed to opening the account and has taken responsibility for his actions. Merrick Bank's refusal to remove this account from Mr. Sankara's credit in light of this evidence is a violation of several Montana and Federal statutes and acts that protect citizens from this type of credit reporting conduct.

The law is on the side of our client in this matter, and although we are certain a Montana jury would find in favor of our client were we to file suit, Mr. Sankara seeks only to have his credit restored and the fraudulent account removed from his name and responsibility.

If Merrick Bank refuses to remove this fraudulent account from the credit of Mr. Sankara in light of the facts and evidence submitted to them, Mr. Sankara will pursue further legal action in accordance with the provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; Montana Code Annotated § 31-3-103, et. seq., which provides protections consistent with the federal provisions; and the Montana Consumer Protection Act (Mont. Code Ann. § 30-14-101 et. seq.) which provides for the award of attorney's fees and treble damages.

Reporting unverified adverse information is a violation of Montana law. "Whenever a consumer reporting agency prepares an [adverse] investigative consumer report, [the] adverse information in the consumer report, … may not be included in a subsequent consumer report

unless the adverse information has been verified ...." Mont. Code Ann. § 31-3-115(1). Further, the reporting agency **must block** the reporting of any information resulting from an identity theft, even if the identity theft is **not yet proven,** to proceed otherwise is in violation of Montana law, and Federal statute. "A consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, pursuant to 15 U.S.C. 1681c-2." Mont. Code Ann. § 31-3-115(2)."

The course of willful noncompliance currently being undertaken by Merrick Bank will result in an award of actual damages, punitive damages, and attorney's fees for Mr. Sankara: "Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this part with respect to any consumer is liable to that consumer in an amount equal to the sum of: any actual damages sustained by the consumer as a result of the failure; such amounts of punitive damages as the court may allow; and ... the costs of the action together with reasonable attorneys' fees as determined by the court." Mont. Code Ann. § 31-3-142.

Further, the Montana Consumer Protection Act also allows for an award of treble damages and attorney's fees for Mr. Sankara. In Montana, a person's credit is a property right. "A credit rating is a property right with full constitutional protection." Mont. Code Ann. § 31-3-103. The Montana Consumer Protection Act specifically and zealously protects these rights. "A consumer who suffers any ascertainable loss ... property, real or personal, as a result of the use ... of [unlawful practices] may bring an individual ... action under the rules of civil procedure in the district court of the county in which the ... service provider ... is doing business to recover actual damages. ... The court may, in its discretion, award up to three times the actual damages sustained and may provide any other equitable relief that it considers necessary or proper.... In any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action." Mont. Code Ann. § 30-14-133(1)-(3).

**PRAYER FOR REILEF**

Please remove the account in question from Mr. Sankara's credit on or before **July 24, 2020**. Additionally, please answer this letter in writing on or before **July 22, 2020** to let us know if you intend to comply by the date offered, and if not please include the information of your registered agent or a legal representative that will accept service of the contemplated Summons and Complaint in the alternative.

We look forward to hearing from you that the account fraudulently opened by Franck Kambou in the name of Hamidou Sankara has been closed, and the information has been blocked from Mr. Sankara's name in accordance with Montana and Federal law.

If there are any questions I can answer for you, I can be reached at 406-926-6500.

Regards,

Kai N. Puhrmann, Esq.
Lowy Law, PLLC

CC:     Client
        Matthew B. Lowy, Esq.
        Kathleen A. Molsberry, Esq.

**Missoula Police Department**

CASE REPORT 2019-00031264

**NARRATIVE**

On 07/21/2019, at 1134 hours, I was dispatched to the front desk of the MPD to speak to a victim of identity theft. Dispatch advised the victim was Hamidou Sankara. I arrived a short time later.

I met with Hamidou who told me he made a report of this incident with the MPD a couple weeks ago. Since then Hamidou has been doing his own investigation. He explained to me the details of the case. He said a short time ago he began receiving calls from credit card companies regarding outstanding balances on credit cards. Hamidou told me he learned there were at least 9 accounts through various credit card companies. He said the total remaining outstanding balance of all the credit cards is over $10,000.00. Hamidou told me that he did not open any of the accounts, or charge any of that money. Hamidou assured me that someone else has stolen his identity and open credit accounts in his name.

Hamidou said he began calling the credit card companies attempting to get information on who was opening all the accounts. The very last company he called was Discover Card. Hamidou said a gentleman on the phone who worked for Discover card provided him with an email and a telephone number that was used when the credit card was applied for. Hamidou immediately recognized the phone number and the email as an acquaintance of his named [redacted].

Hamidou told me that he has not yet attempted to contact [redacted] but did plan to do so. Hamidou gave me [redacted] last known address and an additional phone number for him.

I gave Hamidou a case number.

| | | | |
|---|---|---|---|
| C393 Straw | 07/15/2019 | Caton, James | 07/21/2019 |

COPY

2019-31254Intake



**Missoula Police Department**
**Police Report – Narrative**

Report # : 2019-31254

Completed by : Maxx Savavel C789          Time : 07/15/2019 2113

Hamdou Sankara came to the city desk to report identity theft in which five accounts were opened in Sankara's name sometime in 2018.

Sankara stated he received a phone call from a collector's agency and they advised him of five open accounts that totaled about $10,000. Sankara advised them he did not open these accounts and they advised him how the accounts had different addresses listed with them. Sankara advised he has not lived and that he should file a police report of the fraud. It is unknown what information about his Social Security number, etc. I was used to open the accounts.

Sankara was directed by PSS to go in to upload proof of the emails sent to Sankara from the collector's agency listing the accounts, addresses, and details and any other information they had. Sankara also completed a DOJ Identity Theft Passport Application.

No suspect information

at this time



**Missoula Police Department**

CASE REPORT

2019-00031254

GENERAL PROPERTY

| | | |
|---|---|---|
| 3 Counterfeit or Forged, 7 Stolen | | $10000.00 |
| 1 / Each | Identify - Intangible | |

Victim is unpaid credit balance as a result of identity theft.

| | | |
|---|---|---|
| C301 Straw | 8711573013 | Cotton, James | 03-3103013 |



# Case Report

## Summary

Missoula City Police Department

**Case Number:** 2119-00031254

## Case

| | | | |
|---|---|---|---|
| Case Number: | 2119-00031254 | Incident Type] | Money Theft |
| Location] | 1340 S 6Th ST W # | Occurred From: | 07/15/2018 20:30 |
| | MISSOULA, MT 59801 | Occurred Thru] | 07/15/2018 20:30 |
| Reporting Officer ID: | C195 - Moore | Disposition] | 4A, Inactive Exhausted All Leads |
| | | Disposition Date] | 07/06/2018 |
| | | Reported Date] | 07/17/2018 20:30 Monday |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 11A1 | 454.1207(m) | Identity Theft - Economic benefit Of $1000 Or More Was Gained | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|
| Suspect | | | | | | |
| Victim | 1 Sanders, Brandon | | | | | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|
| 07/17/2018 | 7 Stolen | Identity | | | $16,000.00 in unpaid credit balance as a result of identity theft. | |

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|



Attn: Security Dept

Re:
Hamidou Sankara

Fraud account

4120 6180 2814 5015



Att: Security Dept

Re:
Hamidou Sankara

Fraud account
4120 6180 2814 5015

5 pages

**2019-31254 Intake**



**Missoula Police Department**
**Police Report – Narrative**

| Report #: | 2019-31254 |
|---|---|

| Completed by: | Moore, Savannah C789 | Time: | 07/15/2019 2117 |

Hamidou Sankara came to the city desk to report identity theft at which five accounts were opened in Sankara's name sometime in 2016.

Sankara stated he received a phone call from a collector's agency and they advised him of five open accounts that total about $14,000. Sankara advised them he did not open these accounts and they advised him how the accounts have different addresses linked with them that Sankara has not lived and that he should file a police report of the fraud. It is unknown what information about (his Social Security number, etc.) was used to open the accounts.

Sankara was directed by PSS via form to upload photos of the emails sent to Sankara from the collector's agency listing the accounts, addresses, amounts and any other information they had. Sankara also completed a DOJ Identity Theft Passport Application

at this time.

No suspect information

Missouris Police Department
CASE REPORT

2019-00031264

GENERAL PROPERTY

3 Counterfeit or Forged, 7 Stolen

$10000.00

1 / Each

Identity - Intangible

[$4,000.00 in unpaid credit balance as a result of identity theft.]

C303 Street

07/18/2019   Caton, James   07/21/2018

COPY

**Missoula Police Department**
CASE REPORT
435 Ryman St
Missoula, MT 59802

case # 2019-00031284

## NARRATIVE

On 07/21/2019, at 1124 hours, I was dispatched to the front desk of the MPD to speak to a victim of identity theft. Dispatch advised the victim was Hamidou Sankara. I arrived a short time later.

I met with Hamidou who told me he made a report of this incident with the MPD a couple weeks ago. Since then Hamidou has been doing his own investigation. He explained to me the details of the case. He said a short time ago he began receiving calls from credit card companies who were demanding he pay off outstanding balances. Hamidou told me he learned there were at least 9 accounts through various credit card companies. He said the total remaining outstanding balance of all the credit cards is over $10,000.00. Hamidou told me that he did not open any of the accounts, or charge any of that money. Hamidou assured me that someone else had stolen his identity and open credit accounts in his name.

Hamidou said he began calling the credit card companies attempting to get information on who was opening all the accounts. The first credit company he called was Discover Card. Hamidou said a gentleman on the phone who worked for Discover card provided him with an email and a telephone number that was used when the credit card was applied for. Hamidou immediately recognized the phone number and the email as an acquaintance of his named [redacted].

Hamidou told me that he has not yet attempted to contact [redacted] and he does not ever plan to do so. Hamidou gave me [redacted] last known address and an additional phone number for him.

I gave Hamidou a case number.

| C383 Straw | 07/19/2019 | Colon, James | 07/21/2019 |



# Case Report
## Summary

Missoula City Police Department

**Case Number:** 2019-00001284

## Case

Case Number,
Location)

Reporting Officer ID:   C728 - Users

| **Incident Type:** | Identity Theft |
| **Occurred From:** | 03/15/2019 22:00 |
| **Occurred Thru:** | 03/15/2019 22:00 |
| **Disposition:** | 4A Inactive Exhausted All Leads |
| **Disposition Date:** | 03/16/2019 |
| **Reported Date:** | 03/15/2019 20:26 Monday |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 1143 | 45-6-332(1) | Identity Theft : Purpose, Benefit Of $1500 Or More Was Gained | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|
| Suspect | 1 | | | | | |
| Victim | 1. Sankato, Herndon | | | | | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|
| 03/21/2019 | 7 Stolen | Identity - Intangible | | | $10,000.00 in unpaid credit balance on a fraud, of identity theft. | |

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|

Attn: Securiti Dept. █████████████

RE: Hamidou Sankara

Fraudulent account
. 4120 6150 2814 5015

Disputing, as account opened by
someone that stole my identity. Police Report
has already been faxed. This is a letter from
the police Dept saying they caught the
individual and he admitted he opened account
fraudulently after stealing identity. Please
remove from my credit report.

Homidou Sankar

████████████████████████

P1 2012



**CITY OF MISSOULA**
**POLICE DEPARTMENT**

"Professionalism With Pride"

May 6, 2020

Merrick Bank Corporation,

I am a detective with the Missoula Police Department in Missoula, MT. I am currently investigating a case where Hamidou Sankara, is a victim to identity theft. The suspect in this case used Hamidou's personal identifying information to open multiple credit card accounts in Hamidou's name. When the suspect opened the account at Merrick Bank he used Hamidou's name, his date of birth and the phone number 406-924-3939, the email address of karrixma10@gmail.com, and the applicant mother's maiden name was Traore.

During my investigation, the email address of karrixma10@gmail.com is the email which belongs to the suspect in the case. The maiden name listed on the application information, Traore, is the maiden name for the suspect's mother

During the investigation, the suspect admitted to using Hamidou's personal identifying information and opening a credit account at Merrick Bank Corporation.

From my investigation, I believe the Merrick Bank Corporation account in Hamidou's Sankara name, was opened fraudulently by the suspect in this case and without Hamidou's permission.

Since finding out about his identity being stolen, Hamidou has taken the correct steps in reporting it to law enforcement and filling out paperwork identifying himself a victim to identity theft.

If you have any questions, feel free to contact me at nmattis@ci.missoula.mt.us or my direct office phone number is 406-552-6296.

< 350

Officer Nathan Mattis
Missoula Police Department
Missoula, MT 59802
406-552-6300

435 Ryman
Missoula, MT 59802-4297

406-552-6300
f 406-728-0000



**CITY OF MISSOULA**
**POLICE DEPARTMENT**

*"Professionalism With Pride"*

May 6, 2020

Merrick Bank Corporation,

I am a detective with the Missoula Police Department in Missoula, MT. I am currently investigating a case where Hamidou Sankara, is a victim to identity theft. The suspect in the case used Hamidou's personal identifying information to open multiple credit card accounts in Hamidou's name. When the suspect opened the account at Merrick Bank he used Hamidou's name, his date of birth and the phone number 406-924-3939, the email address of kamisma10@ymail.com, and the applicant mother's maiden name was Traore.

During my investigation, the email address of kamisma10@gmail.com is the email which belongs to the suspect in the case. The maiden name listed on the application information, Traore, is the maiden name for the suspect's mother.

During the investigation, the suspect admitted to using Hamidou's personal identifying information and opening a credit account at Merrick Bank Corporation.

From my investigation, I believe the Merrick Bank Corporation account in Hamidou's Sankara name, was opened fraudulently by the suspect in this case and without Hamidou's permission.

Since finding out about his identity being stolen, Hamidou has taken the correct steps in reporting it to law enforcement and filling out paperwork identifying himself a victim to identity theft.

If you have any questions, feel free to contact me at nmattix@ci.missoula.mt.us or my direct office phone number is 406-552-6296.

Officer Nathan Mattix
Missoula Police Department
Missoula, MT 59802
406-552-6300

435 Ryman
Missoula, MT 59802-4297

406-552-6300
Fax 406-728-6690

# AFFIDAVIT OF FORGERY

Important: The person alleging forgery must complete this form in longhand

**I. Person Alleging Forgery.** I am first duly sworn and state I am

Name _____ Address _____

City, State, Zip _____ Phone _____

**II. Forged Instrument.** The instrument forged is a (mark the appropriate box)

☐ Check ☐ Share Draft
☐ Cash Withdrawal Voucher ☐ Loan Note (Including Co-maker forgery)
☒ Other _____CREDIT CARD_____

**III. Financial Institution.** The instrument is drawn on:

Financial Institution Name _____
Account Number _____

**IV. Designation on Instrument.** On the instrument, I am named as the. (mark the appropriate box)

☐ Payee/Endorser (on back of check/share draft or bottom of withdrawal voucher)
☐ Maker (on note or face of share draft/check)
☐ Co-maker (on a loan)
☒ Other _____

**V. Instrument Details.** The signature for the instrument listed below is not written nor authorized by me and is a forgery

Date _____ Instrument Number _____
Dollar Amount _____

**VI. Additional Provisions**

a) I did not receive any part of the proceeds of the instrument listed above. This affidavit is made voluntarily for the purpose of establishing the fact that my signature is a forgery

b) Do you know who forged your signature? ☒ Yes ☐ No  If yes, provide details on a separate page or the back of this page.

c) I understand this forgery is subject to investigation by local, state and/or federal law enforcement agencies. I may be required to comply with a court order or subpoena to give testimony.

d) I understand making a false sworn statement is subject to federal and/or state statutes and may be punishable by fines and/or by imprisonment.

**VII. Signatures.** Sign your name five (5) times _____

State of _____ County of _____
Subscribed and sworn to before me this _____ day of _____, 20___
Notary Signature _____

CHRISTOPHER FELLET
NOTARY PUBLIC for the
State of Montana
Residing at Missoula, Montana
My Commission Expires
May 25, 2022

Page 1 of 1



**CITY OF MISSOULA**
**POLICE DEPARTMENT**

July 9, 2020

Merrick Bank Corp Legal Division,

I am a detective with the Missoula Police Department in Missoula, MT. I investigated a case of identity theft, Missoula Police Department case 2019-31254. The victim, Hamidou Sankara, had his personal information used without his consent and permission, where the suspect opened multiple credit accounts. Merrick Bank Corp was one of those credit accounts opened with Hamidou' s information. Hamidou had two accounts opened through Merrick Bank Corp.

The suspect in the case, used Hamidou's personal identifying information(legal name, social security number, date of birth, phone number) to open the credit accounts through Merrick Bank Corp.

**Partial Account number        Dates**

412061302814                02/12/18-05/01/2019

During the course of the investigation, I identified a suspect, who was a close friend of Hamidou' s. I talked to the suspect in the case. The suspect admitted to using Hamidou's personal identifying information to open multiple credit card accounts.

The case was sent to the Missoula County Attorney's Office for criminal charges to be filed against the suspect, for felony identity theft.

From the investigation and evidence I obtained in this case, Hamidou is a victim of identity theft. I did not find anything to lead me to believe Hamidou opened the credit card accounts at Merrick Bank Corp.

If you would like a copy of the police report, please contact the Missoula Police Department records department by mail: 435 Ryman, Missoula MT 59802 or by phone: 406-552-6300.

Thank you for your assistance.

Detective Nathan Marta C350
Missoula Police Department
435 Ryman Street
Missoula, MT 59802
406.552.6296
nmarta@ci.missoula.mt.us

435 Ryman
Missoula, MT 59802-4297

406-552-6300
Fax 406-728-6820

Kai N. Puhrmann
Lowy Law, PLLC
103 South 5th Street East
Missoula, Montana 59801
(406) 926-6500
documents@LowyLawFirm.com

MONTANA FOURTH JUDICIAL DISTRICT COURT MISSOULA COUNTY

HAMIDOU SANKARA,

    Plaintiff,

    v.

MERRICK BANK and EQUIFAX,

    Defendants.

Cause No. DV 20-_____

Department No. _____

Judge _____

**AFFIDAVIT OF
HAMIDOU SANKARA**

    The undersigned, HAMIDOU SANKARA, being duly sworn, hereby declares, under penalty of perjury, that the following information is true and correct.

1.    I am over 18 years of age and am a resident of the State of Montana. I have personal knowledge of the facts herein and, if called as a witness, could testify completely thereto.

2    I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3.    April 2016 Franck Kambou helped me to open an account at Missoula Federal Credit Union.

4.    I needed Franck's help to open the account because I did not speak English at the time

5.    Frank Kambou had access to all of my personal information in order to be able to open the bank account for me.

6.    June 2019 I started receiving phone calls from American Express to discuss a past due account.

7    I did not ever open an account with American Express so I thought the calls were spam.

8.    July 2019 I pulled my credit from the three credit reporting agencies and noticed nine credit card accounts were being reported as belonging to me, but they were not mine.

10.    That same month I went to the Missoula Police Department and made a formal report stating I was a victim of identity theft.

11.    Also in July 2019 I filed notice of fraud with the Federal Trade Commission, mailed dispute letters to all nine companies in charge of the fraudulent accounts, and contacted the Equifax, Experian, and TransUnion (the three main credit reporting agencies) to let them know the accounts were fraudulent.

12.    Discover Card was one of the nine account holders that I contacted regarding the fraudulent accounts.  Upon speaking to Discover Card, I was given the email was associated with the fraudulent account

13    Immediately I recognized the email account as Franck Kambou's email address as I have known Franck for over 20 years — since we were children.

14    From monitoring my credit and working with the Missoula Police Department, it was determined all the accounts were fraudulent, and they were all removed from my name

15.    December 2019 I was looking into buying a home and went to Missoula Federal Credit Union (now Clearwater) where I was told Merrick Bank was reporting a past due loan to Equifax, one of the three main credit reporting agencies.

16.    January 2020 I called Merrick Bank at that time to let them know the account was fraudulent, and I also faxed them a formal dispute stating the account was not mine.

17.    At that time I also disputed the account with Equifax.

18.    Over the last 7 months (January 2020 to July 2020) I have disputed this fraudulent account with Merrick Bank.

19.    May 6, 2020 Missoula Police Detective Nathan Mattix sent a letter directly to Merrick Bank notifying them the account was fraudulent and informing them they had caught the perpetrator of the crime (Franck Kambou),  See Letter to Merrick Bank, Detective Nathan Mattix (May 6, 2020), ATTACHED.

20.    Detective Mattix stated in his letter to Merrick Bank that the account opened in my name was done fraudulently by the suspect they caught (Franck Kambou)  See Id.

21.    It is my understanding that Franck Kambou confessed to the Missoula Police he fraudulently opened these accounts in my name.

22.    Matt Jennings, a Deputy County Attorney from the Missoula County Prosecutor's Office, has been in contact with me regarding Franck Kambou's crimes against me and is working with me to see if I can get restitution from Franck.

23.    I have provided this documentation from Detective Mattix that the Merrick Bank account is a fraudulent account and the Missoula Police have caught the party responsible for fraudulently opening the account at least three times,

24.    I have also sent this same documentation to Equifax and have disputed the fraudulent account with them at least four times.

25.    May 15, 2020 I received a letter from Merrick Bank letting me know they were investigating the fraud claim and would stop reporting it to the  credit reporting agencies

AFFIDAVIT OF HAMIDOU SANNAKA   Page 1 of 5

26.    June 10, 2020 I received another letter from Merrick Bank stating they completed their investigation and they felt the account belonged to me and was NOT fraudulent.

27.    June 17, 2020 I received a notice from Equifax stating they once again completed their investigation and I am responsible for the fraudulent Merrick Bank account.

28.    Equifax's determination I am responsible for the fraudulent account is a direct result of Merrick Bank's failure to remove the fraudulent account from my name, even though the Missoula Police Department informed Merrick Bank I did not open the account.

29.    July 10, 2020 Missoula Police Detective Nathan Mattix wrote an updated letter to Merrick Bank regarding Frank Kambou's fraudulently opening the Merrick Bank account in my name.  See Second Letter to Merrick Bank, Detective Nathan Mattix (July 10, 2020), ATTACHED.

30.    If Merrick Bank and Equifax refuse to remove this fraudulent account from my name in light of the facts and evidence submitted to them, I will pursue further legal action in accordance with the provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; Montana Code Annotated § 31-3-103, et. seq., which provides protections consistent with the federal provisions; and the Montana Consumer Protection Act (Mont. Code Ann. § 30-14-101 et. seq.) which provides for the award of attorney's fees and treble damages.

Further affiant sayeth naught.

AFFIDAVIT OF HAMIDOU SANKARA — Page 4 of 5

Date: July 13, 2020

Signature: _____

Printed Name: Hamidou Sankara

State of Montana

County of Missoula

} ss

Signed and sworn to (or affirmed) before me on 13th day of July, 2020 by

Hamidou Sankara

Signature _____
Name (printed): Laura Johnson
Notary Public for the State of: _____
Residing at _____
My Commission Expires _____
                                    mm-dd-yyyy

(SEAL)

LAURA JOHNSON
NOTARY PUBLIC for the
State of Montana
Residing at Missoula, Montana
My Commission Expires
January 24, 2024

AFFIDAVIT OF HAMIDOU SANKARA — Page 5 of 5

# Exhibit 9



Matthew B. Lowy, Owner
Kathleen Molsberry, Partner
Kai N. Puhrmann, Partner
Crissy Manhan, Office Manager
Leda Korsukewitz, Paralegal

**LOWY LAW, P.L.L.C.**

LowyLawfirm.com
406.926.6500

103 South 5TH Street East
Missoula, Montana 59801

info@LowyLawfirm.com
documents@LowyLawfirm.com

**August 25, 2020**

Equifax Fraud Department
1-888-826-0725
*via Fax Only*

RE:   **Hamidou Sankara, Crime Victim**
      **Fraud Dispute: Equifax is obliged to remove fraudulent account**
      **#4120618028145015 from the credit history of Hamidou Sankara**

Greetings,

Our firm represents Mr. Hamidou Sankara in this matter. This letter and the
accompanying attachments are notice of a fraudulent account that must be removed from Mr.
Sankara' name and credit history. Our firm urges your immediate review of this letter and
attachments to expedite resolution.

<u>**ISSUE**</u>

Mr. Sankara has been victimized by Franck Kambou. The Missoula Police Department
has apprehended Franck Kambou. Mr. Kambou has confessed to opening the account and has
taken responsibility for his actions consisting of fraudulently opening the Merrick Bank account
ending in 5015 in Mr. Sankara's name.

We have enclosed the letters from Missoula Police Detective Mattix, as well as the letter
from Merrick Bank stating the account was fraudulently opened in Mr. Sankara's name. We
require you to please remove the fraudulent account from the credit history and responsibility of
Mr. Sankara.

We have included several documents for your review that support our demand:

1) Letter from Missoula Police Detective Nathan Mattix of May 5, 2020, ATTACHED.

2) Second letter from Missoula Police Detective Nathan Mattix of July 9, 2020,
ATTACHED.

3) Letter from Merrick Bank confirming the account was fraudulent of August 14, 2020, ATTACHED.

4) A copy of Mr. Sankara's driver's license, provided at the request of the Equifax Fraud Department.

### PRAYER FOR RELIEF

Please remove the account in question from Mr. Sankara's credit as soon as possible, and in any event, no later than September 8, 2020.

We look forward to hearing from you that the account fraudulently opened by Franck Kambou in the name of Hamidou Sankara has been closed, and the information has been blocked from Mr. Sankara's name in accordance with Montana and Federal law.

If there are any questions I can answer for you, I can be reached at 406-926-6500.

Regards,

Kai N. Puhrmann, Esq.
Lowy Law, PLLC

CC:    Client
       Matthew B. Lowy, Esq.



**CITY OF MISSOULA
POLICE DEPARTMENT**

*"Professionalism With Pride"*

May 6, 2020

Merrick Bank Corporation,

   I am a detective with the Missoula Police Department in Missoula, MT. I am currently investigating a case where Hamidou Sankara, is a victim to identity theft. The suspect in the case used Hamidou's personal identifying information to open multiple credit card accounts in Hamidou's name. When the suspect opened the account at Merrick Bank he used Hamidou's name, his date of birth and the phone number 406-924-3939, the email address of <u>kamisma10 a gmail.com</u>, and the applicant mother's maiden name was Traore.

   During my investigation, the email address of <u>kamisma10@gmail.com</u> is the email which belongs to the suspect in the case. The maiden name listed on the application information, Traore, is the maiden name for the suspect's mother.

   During the investigation, the suspect admitted to using Hamidou's personal identifying information and opening a credit account at Merrick Bank Corporation.

   From my investigation, I believe the Merrick Bank Corporation account in Hamidou's Sankara name, was opened fraudulently by the suspect in this case and without Hamidou's permission.

   Since finding out about his identity being stolen, Hamidou has taken the correct steps in reporting it to law enforcement and filling out paperwork identifying himself a victim to identity theft.

   If you have any questions, feel free to contact me at <u>nmattix  ci.missoula.mt.us</u> or my direct office phone number is 406-552-6296.

Officer Nathan Mattix
Missoula Police Department
Missoula, MT 59802
406-552-6300

435 Ryman
Missoula, MT 59802-4297

406-552-6300
Fax 406-728-6690



**CITY OF MISSOULA
POLICE DEPARTMENT**

July 9, 2020.

Merrick Bank Corp, Legal Division,

I am a detective with the Missoula Police Department in Missoula, MT. I investigated a case of identity theft, Missoula Police Department case 2019-31254. The victim, Hamidou Santara, had his personal information used without his consent and permission, where the suspect opened multiple credit accounts. Merrick Bank Corp was one of those credit accounts opened with Hamidou's information. Hamidou had two accounts opened through Merrick Bank Corp.

The suspect in the case, used Hamidou's personal identifying information (legal name, social security number, date of birth, phone number) to open the credit accounts through Merrick Bank Corp.

| Partial Account number | Dates |
|---|---|
| 412061802814 | 02/12/18-02/01/2019 |

During the course of the investigation, I identified a suspect, who was a close friend of Hamidou's. I talked to the suspect in the case. The suspect admitted to using Hamidou's personal identifying information to open multiple credit card accounts.

The case was sent to the Missoula County Attorney's Office for criminal charges to be filed against the suspect, for felony identity theft.

From the investigation and evidence I obtained in this case, Hamidou is a victim of Identity theft. I did not find anything to lead me to believe Hamidou opened the credit card accounts at Merrick Bank Corp.

If you would like a copy of the police report, please contact the Missoula Police Department records department by mail; 435 Ryman, Missoula MT 59802 or by phone; 406-552-6300.

Thank you for your assistance.

Detective Nathan Mazik G350
Missoula Police Department
435 Ryman Street
Missoula, MT 59802
406.552.6296
nmazik@missoula.mt.us

435 Ryman.                                                                 406-662-6300
Missoula, MT 59802-4297                                                    Fax 406-728-6800

**Merrick Bank**

08/14/2020

Lowy Law, PLLC
103 S 5th St B
Missoula, MT 59801

RE: Hamilton Saskia

Dear Kali N. Palmunen:

We have completed our investigation of your claim that the above referenced account was opened fraudulently and determined it was not legitimately opened in your name. Therefore, you are not responsible for payment of any balance owed on this account. We have submitted to the Consumer Reporting Agencies (CRAs) listed below instructions to delete the account from your credit profile due to fraud.

We recommend that you contact the three CRAs listed below to inform them of the identity theft and to obtain a free copy of your credit report at www.annualcreditreport.com.

> Equifax – Consumer Fraud Division
> P.O. Box 740256
> Atlanta, GA 30348
> Phone (800) 525-6285
> Fax (770) 375-2821

> Experian – National Consumer Assistance
> P.O. Box 9554
> Allen, TX 75013
> Phone (888) 397-3742

> TransUnion – Fraud Victim Assistance Department
> P.O. Box 2000
> Chester, PA 19016
> Phone (800) 680-7289
> Fax (714) 447-0631

We also recommend that you report your identity theft to the Federal Trade Commission by going to https://www.identitytheft.gov.

If you have any further questions concerning this matter, please contact us at the phone number or address below.

Sincerely,

Fraud Account Investigations Department
Merrick Bank

P.O. Box 1442 Draper, Utah 84020-1442 – Phone 801-545-4070 – Fax 801-545-6100



# Exhibit 10

**From:** Franck Kambou kamisma10@gmail.com
**Subject:** Re: Hamidou's Case
**Date:** September 21, 2020 at 7:00 AM
**To:** Kai Puhrmann Kai@lowylawfirm.com



Hamidou's case,

After carefully reviewing everything, I no longer want to make an offer since I don't really owe anything to you.
So it's up to you if you want to take it to court.

Sincerely,

Franck Kambou

Sent from my iPhone

On Sep 16, 2020, at 22:19, Kai Puhrmann <Kai@lowylawfirm.com> wrote:

Mr. Kambou,

Thank you for the message.  We will review it and get back to you soon.

Best,

**Kai N. Puhrmann, Esq.**
Lowy Law, PLLC.
103 South 5th St. East
Missoula, MT 59801
406-926-6500
kai@lowylawfirm.com
www.lowylawfirm.com

*Confidentiality Statement & Notice: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and intended only for the use of the individual or entity to whom it is addressed as it may contain confidential and legally privileged information subject to the attorney/client privilege. E-mail transmission is not intended to waive the attorney-client privilege or any other privilege. Any review, retransmission, dissemination to unauthorized persons or other use of the original message and any attachments is strictly prohibited. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the message. Thank you for your cooperation.*

On Sep 16, 2020, at 12:42 AM, Franck Kambou <kamisma10@gmail.com> wrote:

Mr. Puhrmann,

This what I am willing to do:
- I would like to pay $1700 total for this case to be considered over.
- I'll pay $700 by October 15, $500 by November 15 and $500 by December 15.
Let me know if that works for you as this what I can do.

Sincerely,

Franck Kambou

Sent from my iPhone

On Sep 16, 2020, at 06:07, Franck Kambou <kamisma10@gmail.com> wrote:

Mr. Puhrmann,

I have not decided yet but when I do, I will let you know.

Sincerely,

Franck Kambou

On Tue, Sep 15, 2020 at 6:17 PM Kai Puhrmann <Kai@lowylawfirm.com> wrote:
Mr. Kambou,

I wanted to follow up with your regarding the letter I sent to you on September 10, 2020.

Best,

**Kai N. Puhrmann, Esq.**
Lowy Law, PLLC.
103 South 5th St. East
Missoula, MT 59801
406-926-6500
kai@lowylawfirm.com
www.lowylawfirm.com

*Confidentiality Statement & Notice: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and intended only for the use of the individual or entity to whom it is addressed as it may contain confidential and legally privileged information subject to the attorney/client privilege. E-mail transmission is not intended to waive the attorney-client privilege or any other privilege. Any review, retransmission, dissemination to unauthorized persons or other use of the original message and any attachments is strictly prohibited. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the message. Thank you for your cooperation.*

On Sep 10, 2020, at 2:14 PM, Kai Puhrmann <Kai@lowylawfirm.com> wrote:

Mr. Kambou,
Please see the attached letter.

Regards,

**Kai N. Puhrmann, Esq.**
Lowy Law, PLLC.
103 South 5th St. East
Missoula, MT 59801
406-926-6500
kai@lowylawfirm.com
www.lowylawfirm.com

*Confidentiality Statement & Notice: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and intended only for the use of the individual or entity to whom it is addressed as it may contain confidential and legally privileged information subject to the attorney/client privilege. E-mail transmission is not intended to waive the attorney-client privilege or any other privilege. Any review, retransmission, dissemination to unauthorized persons or other use of the original message and any attachments is strictly prohibited. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the message. Thank you for your cooperation.*

On Sep 9, 2020, at 4:41 PM, Franck Kambou <kamisma10@gmail.com> wrote:

Hello,

Thanks for the letter but I won't be able to pay $ 3,500 Before September 21st.
I am already dealing with the law and already reached an agreement with them.
Once again sorry.

Sincerely,

Franck Kambou

Sent from my iPhone

On Sep 9, 2020, at 21:16, Kai Puhrmann <Kai@lowylawfirm.com> wrote:

Mr. Kambou,

Please see the attached letter that outlines our fees.

Best,

**Kai N. Puhrmann, Esq.**
Lowy Law, PLLC.
103 South 5th St. East
Missoula, MT 59801
406-926-6500
kai@lowylawfirm.com
www.lowylawfirm.com

*Confidentiality Statement & Notice: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and intended only for the use of the individual or entity to whom it is addressed as it may contain confidential and legally privileged information subject to the attorney/client privilege. E-mail transmission is not intended to waive the attorney-client privilege or any other privilege. Any review, retransmission, dissemination to unauthorized persons or other use of the original message and any attachments is strictly prohibited. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the message. Thank you for your cooperation.*

On Aug 26, 2020, at 11:48 PM, Franck Kambou <kamisma10@gmail.com> wrote:

Sounds good!

Sent from my iPhone

On Aug 26, 2020, at 20:28, Kai Puhrmann <Kai@lowylawfirm.com> wrote:

Mr. Kambou,

I will draft a short letter for your review and send it via email shortly.

Best,

**Kai N. Puhrmann, Esq.**
Lowy Law, PLLC.
103 South 5th St. East
Missoula, MT 59801
406-926-6500
kai@lowylawfirm.com
www.lowylawfirm.com

*Confidentiality Statement & Notice: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and intended only for the use of the individual or entity to whom it is addressed as it may contain confidential and legally privileged information subject to the attorney/client privilege. E-mail transmission is not intended to waive the attorney-client privilege or any other privilege. Any review, retransmission, dissemination to unauthorized persons or other use of the original message and any attachments is strictly prohibited. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the message. Thank you for your cooperation.*

On Aug 26, 2020, at 2:05 PM, Franck Kambou <kamisma10@gmail.com> wrote:

Hello,

No I am not!

Thanks

Franck Kambou

Sent from my iPhone

On Aug 26, 2020, at 19:53, Kai Puhrmann <Kai@lowylawfirm.com> wrote:

Mr. Kambou,

Are you represented by an attorney?

Best,

**Kai N. Puhrmann, Esq.**
Lowy Law, PLLC.
103 South 5th St. East
Missoula, MT 59801
406-926-6500
kai@lowylawfirm.com
www.lowylawfirm.com

*Confidentiality Statement & Notice: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and intended only for the use of the individual or entity to whom it is addressed as it may contain confidential and legally privileged information subject to the attorney/client privilege. E-mail transmission is not intended to waive the attorney-client privilege or any other privilege. Any review, retransmission, dissemination to unauthorized persons or other use of the original message and any attachments is strictly prohibited. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the message. Thank you for your cooperation.*

On Aug 26, 2020, at 12:22 AM, Franck Kambou <kamisma10@gmail.com> wrote:

Hello,

I am writing you concerning Hamidou Sankara's case (credit score repair). You requested that I pay the fees for your work. I would like to know how much are those fees and then I'll let you know later how much I am willing to pay.

Sincerely,

Franck Kambou

<2020-9-9 Sankara Resolution Letter to Franck Kambou .pdf>

<2020-9-10 Sankara Resolution Letter to Franck Kambou #2.pdf>

# Exhibit 11



Matthew B. Lowy, Owner
Kathleen Molsberry, Partner
Kai N. Puhrmann, Partner
Crissy Manhan, Office Manager
Leda Korsukewitz, Paralegal

**LOWY LAW** P.L.L.C.

LowyLawfirm.com
406.926.6500

103 South 5th Street East
Missoula, Montana 59801

info@LowyLawfirm.com
documents@LowyLawfirm.com

September 9, 2020

Mr. Franck Kambou
kamisma10@gmail.com
*sent via Electronic Mail ONLY*

RE:   **State of MT v. Kambou — Restitution owed to Mr. Sankara**

Dear Mr. Kambou,

Thank you for contacting our firm.

As you know, Lowy Law represents Mr. Hamidou Sankara.  Based on your e-mail to me of August 26, 2020, it is the understanding of this law firm you are not represented by a lawyer.

Please pay **$3,500** to "Lowy Law IOLTA" in full restitution to Mr. Sankara no later than **Monday, September 21, 2020 by 1:00 p.m.**

Montana law requires crime victims to be paid full restitution for any costs and fees incurred as a consequence of a crime that has been committed against them.  Our firm is aware you have resolved your criminal offense with the government; nonetheless, Mr. Sankara has the right to pursue a court order to secure restitution for your theft.  It is our legal position Mr. Sankara will also be able to recover any additional legal fees incurred in that civil law suit.  In an effort to keep the legal fees down, our firm is offering you the opportunity to make a full payment for Mr. Sankara's legal fees before our firm asks a judge for an order compelling the funds.

Mr. Sankara's credit record was damaged when you fraudulently opened an account with Merrick Bank under Mr. Sankara's name.  Mr. Sankara invested many hours of his own time seeking to remove the fraudulent account from his credit report but was unsuccessful.  Mr. Sankara was forced to retain our law firm to remove the results of your criminal conduct from his own credit record.  The only reason Mr. Sankara incurred any legal fee to our law firm is because of this crime.

Our firm is offering you the opportunity to pay **$3,500** in full restitution to Mr. Sankara no later than **Monday, September 21, 2020 by 1:00 p.m.** to keep your restitution obligation as low as possible.

Our firm is available to discuss this matter with you to resolve it outside the courtroom. If you are not comfortable discussing resolution of this dispute on your own, our firm recommends you consult an independent attorney.  If there are any questions our firm can answer for you, please feel free to call 406-926-6500.

Again, thank you for taking the initiative to contact our firm.  We look forward to resolving this matter quickly, and hearing from you no later than **September 21, 2020**.


Thank you,


Kai N. Puhrmann, Esq.
Lowy Law, PLLC

CC:     Client
        Matthew B. Lowy, Esq.

Kai N. Puhrmann
Matthew B. Lowy
Lowy Law, P.L.L.C.
103 S. 5th St. E
Missoula, MT 59801
(406) 926-6500
documents@LowyLawFirm.com

*Attorneys for Plaintiff*

MONTANA FOURTH JUDICIAL DISTRICT COURT,
MISSOULA COUNTY

| | |
|---|---|
| HAMIDOU SANKARA,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK BANK CORPORATION,<br>EQUIFAX, INCORPORATED, and<br>FRANCK KAMBOU,<br><br>Defendants. | Cause No.  DV-32-2021-0000839-CS<br><br>Judge  **Leslie Halligan**<br><br>Department No.   1<br><br>**SUMMONS** |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**

MERRICK BANK CORPORATION,

YOU ARE HEREBY SUMMONED to answer the Complaint in this Action, which is filed in the office of the Clerk of this Court, a copy of which is now served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney within 21 days after service of this Summons; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

SUMMONS — Page 1 of 2

2

1    WITNESS my hand and seal of said court, this __14th__ day of __July__ ,
2    20__21__.

3                                          Shirley E. Faust
                                           Clerk of District Court
4
     (Court Seal)          
5
6                                    By:    _____
                                           Deputy Clerk
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMONS — Page 2 of 2

Kai N. Puhrmann
Matthew B. Lowy
Lowy Law, P.L.L.C.
103 South 5th Street East
Missoula, MT 59801
(406) 926-6500
documents@LowyLawFirm.com

*Attorneys for Plaintiff, Hamidou Sankara*

MONTANA FOURTH JUDICIAL DISTRICT COURT,
MISSOULA COUNTY

HAMIDOU SANKARA, Plaintiff,

v.

MERRICK BANK CORPORATION,
EQUIFAX, INCORPORATED, and
FRANCK KAMBOU,

Defendants.

Cause No. DV-21-839

Judge Leslie Halligan

Department No.  1

**NOTICE OF A LAWSUIT AND
REQUEST TO ACKNOWLEDGE AND
WAIVE SERVICE OF A SUMMONS**

To: **Registered Agent for Merrick Bank Corporation:**

Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.  A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the signed acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency,

NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE
AND WAIVE SERVICE OF A SUMMONS - 1 of 3

or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, or other prepaid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days from the date you sign the acknowledgment and waiver (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in an official capacity) to answer the complaint.

If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served on you, and I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: July 14, 2021.

Kai N. Puhrmann, Esq.
*Attorney for Hamidou Sankara*

Signature of the attorney or unrepresented party

LIESEL SHOQUIST
Printed name

NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE
AND WAIVE SERVICE OF A SUMMONS - 2 of 3

ATTORNEY

Relationship to entity or authority to receive service

P.O. Box 4947, MSO, MT 59806

**Address**

Lshoquist@bigskylawyers.com

**E-mail address**

406-728-1455

**Telephone number**

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

1  Kai N. Puhrmann
2  Matthew B. Lowy
   Lowy Law, P.L.L.C.
3  103 South 5th Street East
   Missoula, MT 59801
4  (406) 926-6500
5  documents@LowyLawFirm.com

6  *Attorneys for Plaintiff, Hamidou Sankara*

7

8              MONTANA FOURTH JUDICIAL DISTRICT COURT,
9                         MISSOULA COUNTY

10

11 | HAMIDOU SANKARA,                 | Cause No. DV-21-839
12 |        Plaintiff,                | Judge Leslie Halligan
13 |    v.                            | Department No.  1
14 |
15 | MERRICK BANK CORPORATION,        | **ACKNOWLEDGMENT AND WAIVER**
   | EQUIFAX, INCORPORATED, and       | **OF SERVICE OF A SUMMONS**
16 | FRANCK KAMBOU,                   |
17 |        Defendants.               |
18
19

20 To:   Lowy Law, PLLC:

21      I have received your request to acknowledge and waive service of a

22 summons in this action along with a copy of the complaint, two copies of this

23 acknowledgment and waiver form.

24      I, or the entity I represent, agree to save the expense of serving a

25 summons and complaint in this case.

26      I understand that I, or the entity I represent, will keep all defenses or

27 objections to the lawsuit, the court's jurisdiction, and the venue of the action, but

28 that I waive any objections to the absence of a summons or of service.

ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS − 1 of 3

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Montana Rule of Civil Procedure 12 within 21 days from the date I sign this acknowledgment and waiver form.

If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____, 2021

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Relationship to entity or authority to receive service

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

1   Kai N. Puhrmann
2   Matthew B. Lowy
    Lowy Law, P.L.L.C.
3   103 South 5th Street East
    Missoula, MT 59801
4   (406) 926-6500
5   documents@LowyLawFirm.com

6   *Attorneys for Plaintiff, Hamidou Sankara*

7

8                 MONTANA FOURTH JUDICIAL DISTRICT COURT,
9                              MISSOULA COUNTY

10

11  HAMIDOU SANKARA,                     Cause No. DV-21-839

12       Plaintiff,                      Judge Leslie Halligan

13                                        Department No.  1
         v.
14
    MERRICK BANK CORPORATION,            **ACKNOWLEDGMENT AND WAIVER
15  EQUIFAX, INCORPORATED, and           OF SERVICE OF A SUMMONS**
16  FRANCK KAMBOU,

17
         Defendants.
18

19

20  To:   Lowy Law, PLLC:

21        I have received your request to acknowledge and waive service of a

22  summons in this action along with a copy of the complaint, two copies of this

23  acknowledgment and waiver form.

24        I, or the entity I represent, agree to save the expense of serving a

25  summons and complaint in this case.

26        I understand that I, or the entity I represent, will keep all defenses or

27  objections to the lawsuit, the court's jurisdiction, and the venue of the action, but

28  that I waive any objections to the absence of a summons or of service.

ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS − 1 of 3

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Montana Rule of Civil Procedure 12 within 21 days from the date I sign this acknowledgment and waiver form.

If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____, 2021

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Relationship to entity or authority to receive service

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

1   "Good cause" does not include a belief that the lawsuit is groundless, or

2   that it has been brought in an improper venue, or that the court has no

3   jurisdiction over this matter or over the defendant or the defendant's property.

4   If the acknowledgment and waiver is signed and returned, you can still

5   make these and all other defenses and objections, but you cannot object to the

6   absence of a summons or of service.

7   If you waive service, then you must, within the time specified on the

8   acknowledgment and waiver form, serve an answer or a motion under Rule 12

9   on the plaintiff and file a copy with the court.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Kai N. Puhrmann
2  Matthew B. Lowy
   Lowy Law, P.L.L.C.
3  103 S. 5th St. E
   Missoula, MT 59801
4  (406) 926-6500
5  documents@LowyLawFirm.com

6  *Attorneys for Plaintiff*

7

8              MONTANA FOURTH JUDICIAL DISTRICT COURT,
                         MISSOULA COUNTY
9

10  HAMIDOU SANKARA,                    Cause No.  DV-32-2021-0000839-CS
11       Plaintiff,                     Judge   **Leslie Halligan**
12
          v.                            Department No.   1
13
14  MERRICK BANK CORPORATION,           **SUMMONS**
    EQUIFAX, INCORPORATED, and
15  FRANCK KAMBOU,
16       Defendants.
17

18
19      **THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-**
20  **NAMED DEFENDANT:**
21      EQUIFAX INCORPORATED,
22      YOU ARE HEREBY SUMMONED to answer the Complaint in this
23  Action, which is filed in the office of the Clerk of this Court, a copy of which
24  is now served upon you, and to file your answer and serve a copy thereof
25  upon the Plaintiff's attorney within 21 days after service of this Summons;
26  and in case of your failure to appear or answer, judgment will be taken
27  against you by default for the relief demanded in the Complaint.
28

SUMMONS — Page 1 of 2                                                    **4**

1    WITNESS my hand and seal of said court, this <u>14th</u> day of <u>July</u>,

2    20<u>21</u>.

3                                                        Shirley E. Faust
                                                         Clerk of District Court
4

     (Court Seal)
5

6                                        By:    _Rdl Wizel_

7                                               Deputy Clerk

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMONS — Page 2 of 2

Kai N. Puhrmann
Matthew B. Lowy
Lowy Law, P.L.L.C.
103 South 5th Street East
Missoula, MT 59801
(406) 926-6500
documents@LowyLawFirm.com

*Attorneys for Plaintiff, Hamidou Sankara*

MONTANA FOURTH JUDICIAL DISTRICT COURT,
MISSOULA COUNTY

|  |  |
|---|---|
| HAMIDOU SANKARA, Plaintiff,<br><br>v.<br><br>MERRICK BANK CORPORATION,<br>EQUIFAX, INCORPORATED, and<br>FRANCK KAMBOU,<br><br>Defendants. | Cause No. DV-21-839<br><br>Judge Leslie Halligan<br><br>Department No.  1<br><br>**NOTICE OF A LAWSUIT AND<br>REQUEST TO ACKNOWLEDGE AND<br>WAIVE SERVICE OF A SUMMONS** |

To: **Registered Agent for Equifax Incorporated**:

   Why are you getting this?

   A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.  A copy of the complaint is attached.

   This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver.  To avoid these expenses, you must return the signed acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency,

or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, or other prepaid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days from the date you sign the acknowledgment and waiver (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in an official capacity) to answer the complaint.

If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served on you, and I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: July 14, 2021.

Kai N. Puhrmann, Esq.
*Attorney for Hamidou Sankara*

_____
Signature of the attorney or unrepresented party

_____
Printed name

NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE
AND WAIVE SERVICE OF A SUMMONS - 2 of 3

Relationship to entity or authority to receive service

Address

E-mail address

Telephone number

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

Kai N. Puhrmann
Matthew B. Lowy
Lowy Law, P.L.L.C.
103 South 5th Street East
Missoula, MT 59801
(406) 926-6500
documents@LowyLawFirm.com

*Attorneys for Plaintiff, Hamidou Sankara*

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| HAMIDOU SANKARA, | Cause No. DV-21-839 |
| Plaintiff, | Judge Leslie Halligan |
| v. | Department No.  1 |
| MERRICK BANK CORPORATION, EQUIFAX, INCORPORATED, and FRANCK KAMBOU, | **ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS** |
| Defendants. | |

To:    Lowy Law, PLLC:

I have received your request to acknowledge and waive service of a summons in this action along with a copy of the complaint, two copies of this acknowledgment and waiver form.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS − **1** of 3

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Montana Rule of Civil Procedure 12 within 21 days from the date I sign this acknowledgment and waiver form.

If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____, 2021

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Relationship to entity or authority to receive service

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

Kai N. Puhrmann
Matthew B. Lowy
Lowy Law, P.L.L.C.
103 South 5th Street East
Missoula, MT 59801
(406) 926-6500
documents@LowyLawFirm.com

*Attorneys for Plaintiff, Hamidou Sankara*

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| HAMIDOU SANKARA, | Cause No. DV-21-839 |
|     Plaintiff, | Judge Leslie Halligan |
|     v. | Department No.  1 |
| MERRICK BANK CORPORATION, EQUIFAX, INCORPORATED, and FRANCK KAMBOU, | **ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS** |
|     Defendants. | |

To:    Lowy Law, PLLC:

I have received your request to acknowledge and waive service of a summons in this action along with a copy of the complaint, two copies of this acknowledgment and waiver form.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS - 1 of 3

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Montana Rule of Civil Procedure 12 within 21 days from the date I sign this acknowledgment and waiver form.

If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date: _____, 2021

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Relationship to entity or authority to receive service

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.